## CITY NAT. BANK OF WELLINGTON, TEX., v. BOUNDS et al.

No. 15196—Opinion Filed March 17, 1925.

Rehearing Denied April 21, 1925.

**1. Attachment—Necessity for Bond Where Defendant is Resident of State.**

The levy of a writ of attachment against the property of the defendant, while the latter is a resident of the state of Oklahoma, is void, unless the plaintiff shall execute a bond in attachment as is required by law.

**2. Homestead—When Status Attaches to Property Bought with Intention to Occupy.**

If the head of a family shall acquire real estate in the state of Oklahoma, with the intention of moving on to and occupying the same as a homestead, and does move on to the property and occupies the same with reasonable dispatch, the homestead status relates back to and attches to the property as of the date of its acquirement.

**3. Same — Injunction Against Execution Sale Sustained.**

Record examined; held, to support judgment in favor of the plaintiffs.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Jackson County; Frank Mathews, Judge.

Action by R. L. Bounds and Eula Bounds against the City National Bank of Wellington, Tex., to enjoin the sale of real estate under a writ of execution levied upon the property. Judgment for plaintiffs. Defendant brings error. Affirmed.

T. M. Robinson and Waldo T. Oden, for plaintiff in error.

E. E. Gore, for defendants in error.

Opinion by STEPHENSON, C. R. L. Bounds and Eula Bounds, husband and wife, on and prior to October 26, 1922, owned and occupied as a homestead a farm situated in the state of Texas. Bounds and his wife, on October 26, 1922, exchanged the Texas farm for a house and lots situated in

the town of Altus. The purchaser acquired the property in the town of Altus for the purpose of moving on to the same and occupying it as a homestead with his family. Bounds moved on to the property November 7, 1922, with his wife and nine children, and they have occupied the property as a homestead at all subsequent times. Bounds notified the plaintiff in error prior to October 26th, that he would acquire the house and lots in the town of Altus, and would occupy the property as a place of residence in the state of Oklahoma. Bounds was indebted to the bank for a certain sum of money secured by a chattel mortgage covering personal property owned by the debtor. The debtor, prior to his departure from Texas, delivered the personal property covered by the mortgage to the bank. The plaintiff took possession of the real estate and moved certain personal property on to the premises on October 26th, and completed his removal from Texas as expeditiously as it was possible under the circumstances, and commenced to occupy and live on the property as a homestead on November 7, 1922. The bank was informed of these facts and knew that Bounds was moving from Texas to occupy the property. The bank filed its action in the district court of Jackson county against Bounds for the recovery of the indebtedness secured by the chattel mortgage, referred to heretofore. The action was commenced in the district court on November 2, 1922, and a writ of attachment was issued out of the cause and levied upon the real estate acquired by Bounds in Altus. An attachment bond was not executed by the bank, as is required by statute in cases of attachment of property owned by the defendant, who is a resident of the state. One of the grounds set forth in the affidavit for attachment was that the defendant was a nonresident of the state of Oklahoma. Summons was issued out of the cause for the defendants. The writ of attachment was levied upon the property on November 2, 1922, and the summons was later returned and filed in the cause showing that the sheriff was unable to find the defendant in Jackson county. It is admitted that the summons could have been served upon the defendants in Jackson county within the time for the return of the summons. Alias summons was later issued out of the cause and served upon the defendants. The defendants made default in the action for the indebtedness. Judgment was entered against them for the amount sued for and the attachment was sustained and the property ordered to be sold for the satisfaction of the judgment. It is admitted that Bounds and his wife did not receive actual notice of the attachment and did not know that an attachment had been levied on the property until about May 7, 1923, when an order of sale was issued against the property.

The plaintiff, who at all times occupied the property since November 7, 1922, as a homestead, commenced an action against the bank to enjoin the sale of the property under the order of sale issued upon the attachment.

So far as the bank is concerned, in relation to its action commenced against Bounds, the plaintiffs in this action were residents of the state of Oklahoma, at the time the bank commenced its suit against Bounds and caused the property to be attached. The failure of the bank to cause the execution and delivery of an attachment bond as is required by section 342, Comp. Stat. 1921, as amended by section 1, chapter 73, 1923 Session Laws, rendered the order of attachment void; the attachment levied upon the property pursuant to such order was void.

The plaintiffs in this action were authorized to enjoin the sale of the property, as the order of attachment issued in the cause commenced against them by the bank was null and void, and as they did not receive actual notice of the void attachment proceedings until after the rendition of the judgment sustaining the attachment.

A different question would be made here, as to the homestead proposition, if the attachment proceedings had been valid, although the defendants made default in the case. We do not decide the homestead question that might have grown out of the latter situation. It is sufficient to say that so far as the bank is concerned, the plaintiffs in this action were residents of the state of Oklahoma at the time the order of attachment was issued in the first suit.

It is recommended that the judgment in favor of the plaintiffs enjoining the sale of the attached property be affirmed.

By the Court: It is so ordered.